# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTINE CRISTOBAL,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF MIDDLESEX, MIDDLESEX COUNTY SHERIFF'S DEPARTMENT, MILDRED SCOTT, KEVIN B. HARRIS, JOHN DOES 1-10, AND JOHN DOE CORPORATIONS 1-10,**<br><br>Defendants. | **Civil Action No. 16-4493 (MAS)**<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Christine Cristobal's ("Plaintiff") Motion to Compel Compliance with a Subpoena against non-party New Jersey Civil Service Commission ("Commission") (Docket Entry No. 20). The Commission opposes Plaintiff's motion and filed a Cross-Motion to Quash the Subpoena (Docket Entry No. 23). The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion and the Commission's Cross-Motion. The Court considers the motions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED and the Commission's motion is GRANTED.

## I.    Background and Procedural History

This case arises from Plaintiff's termination from her job as a Sheriff's Officer for Middlesex County as a result of a Functional Capacity Evaluation by Kinematic Consultants, Inc. Plaintiff states that defendants utilized the "Sheriff's Department essential job functions

listing" to evaluate at least four other Middlesex County Sheriff's Officers to determine whether they could return to full duty work after illness or injury. (Pl.'s Br. in Supp. of Mot. at 2). Plaintiff further states that three of the four employees who were disqualified from returning to full duty work were women, therefore, it appears the standards set forth in the "Sheriff's Department essential job functions listing" have a disparate impact on women. (Id.).

On June 30, 2016 Plaintiff filed a complaint against Defendants County of Middlesex, Mildred Scott, Middlesex County Sheriff's Department, and Kevin B. Harris in the Superior Court of the State of New Jersey, Middlesex County alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 ("NJLAD") and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2. Defendants Mildred Scott, Middlesex County Sheriff's Department, and Kevin B. Harris filed a notice of removal on July 25, 2016[1]. An initial scheduling conference was held and a scheduling order was entered on September 12, 2016. (Docket Entry No. 8). During the course of discovery, Plaintiff served a subpoena on the Commission requesting information as to other Sheriff's Officers disqualified from employment pursuant to N.J.A.C. 4A:2-2.3(a)(3).

Plaintiff filed a motion on November 10, 2017 seeking to enforce the subpoena served on the Commission (Docket Entry No. 20). The Commission filed a motion to quash the subpoena on December 4, 2017. (Docket Entry No. 23).

## II. Analysis

The subpoena at issue in this motion was served upon the Commission on July 19, 2017. The subpoena seeks to obtain information as to other Sheriff's Officers disqualified from employment pursuant to N.J.A.C. 4A:2-2.3(a)(3) which was the regulation used to terminate

---

[1] Defendant County of Middlesex consented to the removal.

2

Plaintiff's employment. (Pl.'s Br. in Supp. of Mot. at 2). Specifically, the subpoena seeks the testimony and production of:

1) Preliminary Notices of Disciplinary Action charging NJAC 4A:2-2.3(a)(3) – Inability to perform Job Duties issued by Middlesex County and/or Middlesex County Sheriff's Office; and
2) Final Notices of Disciplinary Action charging NJAC 4A: 2-2.3(a)(3) – Middlesex County.

(*See* Docket Entry No. 20-2)

Plaintiff does not present any argument in support of her motion to compel compliance with the subpoena, but merely cites to Federal Rules of Civil Procedure 45 and 26(b), the latter of which permits discovery of any non-privileged material "relevant to the claim or defense of any party. (Id. at 3). [2]

Pamela Ullman ("Ms. Ullman"), Deputy Attorney General in the Division of Law, Department of Law and Public Safety, State of New Jersey submitted a certification stating that she has been assigned the responsibility of handling the subpoena on behalf of the Commission and its Custodian of Records. (Ullman Certification ¶1). Ms. Ullman states in the email attachment to her certification that the Commission files cannot be searched to list them by disciplinary action. (Ms. Ullman's 10/26/17 email to Donald Burke; Docket Entry No. 23-7). Ms. Ullman explains the process that the Commission would have to go through to obtain the requested information:

> "The [Commission] does not maintain a central repository of PNDAs [Preliminary Notice of Disciplinary Action] and FNDAs [Final Notice of Disciplinary Action] that have been submitted by appointing authorities. These records, when they are received from the agencies, are added to the employee's personnel file in the Electronic Document Image Tracking System (EDITS) system. A single employee EDITS file can include any number of pages, depending on the employee's length of service and the number of personnel actions in the employee's history. The subpoena is not limited to a particular

---
[2] Since it was not raised by the Commission, for the purposes herein, the Court is assuming that the information sought is relevant and otherwise discoverable, i.e. not privileged.

3

individual, County department and/or time frame. According to CAMPS records, there are over 2,000 active Middlesex County employees, and over 8,000 inactive County employees since 2004. In order to determine if PNDAs or FNDAs exist for these employees, staff would need to run a CAMPS report of approximately 10,000 employees and then I believe they can run a search for those which have disciplinary action involved. They would then have to manually enter each of these employees' names into EDITS, and then search through each employee's EDITS file to determine whether a PNDA or FNDA exists because EDITS cannot be electronically queried to search for specific imaged documents contained within an employee's personnel file, such as a PNDA or FNDA. Then if a PNDA or FNDA exists, [Commission] staff would need to review each record to determine whether the charge of N.J.A.C. 4A:2-2.3(a), inability to perform duties is included." (Id.).

Ms. Ullman notes that after providing Plaintiff's counsel with the foregoing information regarding the process that would be required to obtain the requested information, she had hoped "we can figure out a way to proceed that will avoid motion practice and will not be unduly burdensome and basically impracticable for the agency to comply with." (Ms. Ullman's 10/26/17 email to Donald Burke). Rather than responding to Ms. Ullman's suggestion or making an effort to narrow his request, Plaintiff's counsel filed a motion to enforce the subpoena on November 10, 2017.

The Commission argues that producing the records would be an "extreme burden" due to the aforementioned process that would be necessary. (Commission's Br. in Supp. of Cross-Motion and Opp'n to Pl.'s Mot. at 4). Additionally, the Commission argues that it would need to dedicate a staff member to perform this search full-time for several weeks. (Id. at 6). The Commission states that it does not have staff available to dedicate solely to this project. (Id.).

Plaintiff did not submit a reply to the Commission's assertions.

The Court finds that the subpoena is unduly burdensome under Fed.R.Civ.P. 45. Furthermore, Fed.R.Civ.P. 45(d)(1)(D) states "The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably

4

accessible because of undue burden or costs. On motion to compel discovery…the person responding must show that the information is not reasonably accessible because of undue burden or cost."

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad. Indeed, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery.

If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served. Fed.R.Civ.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>     (i)    fails to allow reasonable time for compliance;
>     (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides…;
>    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
>    (iv)  subjects a person to undue burden.
> (Id.)

The Court finds that the Commission has met the burden of showing that the information requested by Plaintiff is not reasonably accessible. The Court further finds that requiring the Commission to dedicate a staff member to the full-time, weeks long, search would be unduly burdensome. (*See* Commission's Br. in Supp. of Cross-Motion and Opp'n to Pl.'s Mot. at 6.).

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel Compliance with the subpoena is DENIED and the Commission's Cross-Motion to Quash the Subpoena is GRANTED. An appropriate Order follows.

Dated: May 11, 2018

s/ Tonianne J. Bongiovanni  
**HONORABLE TONIANNE J. BONGIOVANNI**  
**UNITED STATES MAGISTRATE JUDGE**