**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CHRISTINE CRISTOBAL,

    Plaintiff,

v.

COUNTY OF MIDDLESEX, et al.,

    Defendants.

Civil Action No. 16-4493 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Christine Cristobal's ("Plaintiff") Motion to Vacate Order Dated May 14, 2018. (ECF No. 38.) Non-party New Jersey Civil Service Commission ("NJCSC") opposed. (ECF No. 43.) Plaintiff did not reply. For the reasons stated below, the Court denies Plaintiff's motion.

**I.**    **Background**

Familiarity with the factual and procedural background of this case is presumed, and the Court discusses the facts and background of the case only to the extent necessary to decide the instant appeal. A detailed recitation of the relevant factual background and Plaintiff's claims is set forth in Magistrate Judge Tonianne J. Bongiovanni's May 11, 2018 Memorandum Opinion. (Op. 1-2, ECF No. 33.)

The instant appeal arises from a dispute over a subpoena Plaintiff served on NJCSC on July 19, 2017. The purpose of the subpoena[1] "is to obtain information as to other Sheriff's Officers disqualified from employment pursuant to N.J.A.C. 4A2-2.3[,] which was the regulation used to terminate [P]laintiff's employment." (Pl.'s Moving Br. 3, ECF No. 38-3.) On October 26, 2017, NJCSC's counsel advised Plaintiff's counsel that, in effect, NJCSC would not be able to comply with Plaintiff's subpoena. (Attach. to Pl.'s Moving Br. 28-29, ECF No. 43-1.) On November 11, 2017, Plaintiff filed a Motion to Compel Compliance with the Subpoena. (Mot. to Compel Compliance with Subpoena 1, ECF No. 20.) On December 4, 2017, NJCSC filed a Cross-Motion to Quash (Cross Mot. to Quash Subpoena 1, ECF No. 23.) On May 11, 2018, Judge Bongiovanni denied Plaintiff's Motion to Compel and granted NJCSC's Cross-Motion to Quash. (Mem. Op. 1, ECF No. 33.) Plaintiff timely filed a Motion to Vacate Judge Bongiovanni's order. (Mot. to Vacate Order 1, ECF No. 38.) NJCSC opposed on June 12, 2018. (Opp. Correspondence, ECF No. 43.)

## II. Legal Standard

A district court will reverse a magistrate judge's decision on a non-dispositive motion only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). When considering findings of fact, "the district court is bound by the clearly erroneous rule." *In re the Appl. of Kate O'Keeffe for Assistance Before a Foreign Tribunal*, No. 14-5835, 2015 WL 5039723, at *1 (D.N.J. Aug. 26, 2015) ("*O'Keeffe I*"), aff'd sub nom, *In re O'Keeffe*, 646 F. App'x 263 (3d Cir. 2016) (quoting *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir.1992)). A finding of fact is "clearly erroneous" if "although there is evidence to support

---

[1] The subpoena requested documents including: "1) Preliminary Notices of Disciplinary Action charging NJAC 4A:2-2.3(a)3 – Inability to perform Job Duties issued by Middlesex County and/or Middlesex County Sheriff's Office[, and] 2) Final Notices of Disciplinary Action charging NJAC 4A:2-2.3(a)(3) – Middlesex County." (Subpoena 1, ECF No. 38-2.)

2

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is "contrary to law' if the magistrate judge misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citations omitted). "The party filing the appeal has the burden of demonstrating that the magistrate[] [judge's] decision was clearly erroneous or contrary to law, and unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 15-3103, 2016 WL 1718100, at *8 (D.N.J. Apr. 29, 2016) (citations omitted).

Rule 26[2] provides that:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 45 requires a district court to "quash or modify a subpoena that: . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 45 allows a person to resist discovery "of electronically stored information ["ESI"] from sources that the person identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D). If the party seeking discovery, however, moves to compel discovery, the person resisting discovery of inaccessible ESI "must show that the [ESI] is not reasonably accessible because of undue burden or cost." *Id.* Even if the party resisting discovery of ESI makes a showing that the information is inaccessible, the court may still order discovery of the ESI "if the requesting

---

[2] All references to "Rule(s)" are references to the Federal Rules of Civil Procedure.

party shows good cause" and in consideration of the limitations on discovery imposed by Rule 26(b)(2)(C). *Id.* Rule 26 limits discovery of ESI, despite the broad scope of permissible discovery, in the same manner as Rule 45. *Compare* Fed. R. Civ. P. 45(e)(1)(D) *with* Fed. R. Civ. P. 26 (b)(2)(B).

**III.   Discussion**

Plaintiff's arguments regarding Judge Bongiovanni's decision are succinct. "The Magistrate Judge erred in quashing the Subpoena issued by [P]laintiff. The [NJCSC's] objections to the Subpoena were meritless and were not adequately supported." (Pl.'s Moving Br. 4, ECF No. 38-3.)

The remainder of Plaintiff's brief focuses on the broad scope of discoverable information pursuant to Rule 26. Citing *In re Urethane Antitrust Litigation*, Plaintiff argues that once a party establishes the relevance of the requested information, "the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." (*Id.* at 3 (quoting *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009)). Plaintiff further argues that, pursuant to Rule 45, the scope of discoverable information a party can seek from a non-party is equally as broad as what can be sought from a party. (*Id.* at 3-4.) Plaintiff's argument, in sum, is that the NJCSC "is in possession of relevant, probative information" and the Court should compel the NJCSC to comply with Plaintiff's subpoena. (*Id.* at 4-5.)

NJCSC advances three arguments in opposition. NJCSC's first argument is that, pursuant to the applicable standard of review, Plaintiff "does not claim any part of the Magistrate[] [Judge's] order is 'clearly erroneous or is contrary to law,'" and "without a reasonable allegation of error by

4

the Magistrate Judge in rendering her decision, the decision should be affirmed." (Opp'n Correspondence at 9-10.) Relatedly, NJCSC argues that Plaintiff's focus on the relevance of the documents Plaintiff seeks is misplaced because the Magistrate Judge explicitly assumed the relevance of the documents in her analysis. (*Id.* at 9.)

NJCSC's second argument is that compliance with the subpoena will subject NJCSC to an undue burden and substantial expense such that the subpoena must be quashed pursuant to Rule 45(c)(3)(iv). (*Id.* at 10-11.) Relying on the Certification of Parthenopy A. Bardis, Chief of Staff of the NJCSC, NJCSC asserts that to locate the records Plaintiff seeks, "a dedicated staff person would have to work for several weeks." (*Id.* at 11.) NJCSC further argues that Rule 45(c)(3)(iv) requires the subpoena to be quashed because "the documents under subpoena are confidential in nature, and not subject to any waiver or exception." (*Id.* at 12.)

NJCSCS's final argument is that the limitations of discovery outlined in Rule 26 require the Court to limit the discovery Plaintiff seeks. (*Id.*) NJCSC acknowledges that pursuant to Rule 45(e)(1)(D) the Court may order discovery from electronic sources identified as "not reasonably accessible because of undue burden or cost." (*Id.* at 11.) NJCSC, however, focuses on the fact that the same rule is restricted by the limitations in Rule 26(b)(2)(C). (*Id.* at 12.) NJCSC argues that the limitations in Rule 26(b)(2)(C)(i) apply because Plaintiff has not established that she sought the records from the Middlesex County Sheriff's Department—the agency that (i) issues the disciplinary notices Plaintiffs seeks and (ii) from which the records Plaintiff seeks may be more accessible. (*Id.*)

The Court agrees with NJCSC's first argument – that in the absence of Plaintiff alleging error in the Bongiovanni's decision, the decision should be affirmed. It is Plaintiff's burden to demonstrate that "the magistrate[] judge's decision was clearly erroneous or contrary to law." *CDK Glob., LLC,* at *8. Plaintiff has not identified any specific instances where Judge

5

Bongiovanni's decision was erroneous or contrary to law. Plaintiff, instead, has simply stated that the "Magistrate Judge erred in quashing the Subpoena issued by plaintiff." (Pl.'s Moving Br. at 4.) Here, the de minimis amount of argument set forth by Plaintiff provides insufficient grounds for vacating Judge Bongiovanni's order.

The Court declines to find that any of Judge Bongiovanni's findings of fact were erroneous or contrary to law. Judge Bongiovanni made several findings that underpinned her denial of Plaintiff's Motion, and those findings were well supported by the evidence before her. First, Judge Bongiovanni found that the subpoena was generally unduly burdensome pursuant to Rule 45. (Mem. Op. at 4.) Second, Judge Bongiovanni found that in response to Plaintiff's Motion to Compel Compliance with a Subpoena, NJCSC had met its "burden of showing that the information requested by Plaintiff is not reasonably accessible." (Mem. Op. at 5.) Third, Judge Bongiovanni found that "requiring the [NJCSC] to dedicate a staff member to the full-time, weeks long, search [required to comply with the subpoena] would be unduly burdensome." (*Id.*) Each of these findings were supported by the Certification of Pamela Ullman explaining the process the Commission would have to undertake to respond to Plaintiff's subpoena. (Mem. Op. at 3-4.) This finding was also supported by the Certification of Parthenopy A. Bardis. (*See* Certification of Parthenopy A. Bardis ¶¶ 17-22, ECF No. 23-2.)

Plaintiff does not challenge NJCSC's assertions beyond describing them as "meritless" and "not adequately supported." (*See* Pl.'s Moving Br. at 4.) Nor does Plaintiff specifically challenge Judge Bongiovanni's findings beyond broadly stating that she erred. (*Id.*) The burden is on Plaintiff to establish that NJCSC's assertions are without merit and, by extension, how any of Judge Bongiovanni's findings based on these assertions are clearly erroneous or contrary to law. *See CDK Glob., LLC.* at *8. Plaintiff did not meet this burden. Moreover, Plaintiff's statements

6

regarding NJCSC's objections being without merit fail considering the two Certifications proffered by the NJCSC.

Plaintiff's focus on the broad scope of discovery provided by Rules 26 and 45 is misplaced and does not establish that Judge's Bongiovanni's order was contrary to law. The Court could construe Plaintiff's focus on the broad scope of discoverable information pursuant to Rules 26 and 45 to be an argument that Judge Bongiovanni failed to consider that the information sought was discoverable under the Rules. This argument, however, fails because Judge Bongiovanni's analysis assumed "that the information sought is relevant and otherwise discoverable, i.e. not privileged." (Mem. Op. at 3, n.2.)

Plaintiff does not acknowledge Rule 45's limitations on the scope of ESI discovery. *See* Fed. R. Civ. P. 45(e)(1)(D). In response to Plaintiff's Motion to Compel, Judge Bongiovanni found that NJCSC had shown that the information Plaintiff seeks is "not reasonably accessible." (Mem. Op. at 4-5.) Once Judge Bongiovanni made that finding, she could have nonetheless ordered discovery of the records from NJCSC. Such an order, however, was contingent upon Plaintiff demonstrating good cause in consideration of Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 45(e)(1)(D). Plaintiff had the opportunity to establish such good cause when briefing the original Motion to Compel. Plaintiff failed to do so[3] as her Motion to Compel relied on arguments regarding the overall relevance of the documents. (*See* Pl.'s Moving Br. 3, ECF No. 20-1.) Considering the paucity of Plaintiff's arguments and the related failure to establish good cause to

---

[3] The Court also recognizes NJCSC's argument that "Plaintiff has made no showing that she cannot get these documents from the Middlesex County Sheriff's Department, the appointing authority in this matter. The disciplinary notices issued from that agency, and its records may be more easily accessible than the Commission's." (Opp'n Correspondence at 12; *see also* Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive* . . . .") (emphasis added).)

7

order discovery of inaccessible ESI, the Court finds good cause to deny Plaintiff's appeal and affirm Judge Bongiovanni's order.[4]

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Vacate (ECF No. 38.) An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[4] Indeed, Judge Bongiovanni's findings were so amply supported that the Court would have reached the same conclusion under a de novo standard of review.