<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHRISTINE CRISTOBAL,

                Plaintiff,

                v.

COUNTY OF MIDDLESEX, et al.,

                Defendants.

Civil Action No. 16-4493 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Plaintiff Christine Cristobal's ("Plaintiff") Motion for Leave to File a Second Amended Complaint (ECF No. 93); Plaintiff's Appeal of Magistrate Judge Bongiovanni's Order Dated November 6, 2019 (ECF No. 98); and Plaintiff's Appeal of Magistrate Judge Bongiovanni's Order Dated January 15, 2020 (ECF No. 106). Defendants Joseph Revolinsky ("Revolinsky") and Maureen Thompson ("Thompson") opposed the Motion for Leave to File a Second Amended Complaint (ECF Nos. 96, 97), and Plaintiff replied (ECF No. 99). Defendants Thompson, County of Middlesex, Revolinsky, Kevin Harris, Middlesex County Sheriff's Department, and Mildred Scott (collectively, "Moving Defendants") opposed Plaintiff's Appeals of Magistrate Judge Bongiovanni's Orders Dated November 6, 2019 (ECF Nos. 100–03) and January 15, 2020 (ECF Nos. 107–110).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil

---

[1] Defendant First Managed Care Option, Inc. ("FMCO") did not oppose Plaintiff's Motion and Appeals. Moving Defendants and FMCO are collectively referred to as "Defendants."

Rule 78.1. For the reasons set forth herein, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. Plaintiff's Appeals of Magistrate Judge Bongiovanni's Orders are denied.

I.    **BACKGROUND**[2]

Plaintiff, a former Middlesex County Sheriff's Office recruit, brings this discrimination action against Defendants, alleging that Defendants utilized a "Bogus Essential Functions List" (the "List") as pretext to terminate her employment after she sustained an injury during training. (Proposed Second Am. Compl. ¶¶ 2, 22 ("SAC"), ECF No. 93-4.) Plaintiff alleges that the List, which requires an employee to "lift heavy objects up to and including [a] typical person (180 lbs. or more)," is "not predictive of or significantly correlated with the job as Sheriff's Officer and is utilized to terminate employees who have been unable to perform full duty work due to illness or injury." (*Id.* ¶¶ 19, 146.) Moreover, when Plaintiff sought an accommodation for her temporary partial disability, Defendants retaliated against her. (*Id.* ¶¶ 135–85.)

Initially removed from New Jersey Superior Court in July 2016 (ECF No. 1), this case has a long procedural history. The relevant background starts, however, on April 25, 2019, when Plaintiff moved for leave to file a first amended complaint. (ECF No. 59.) On May 8, 2019, the Court granted Plaintiff's motion, and Plaintiff filed an amended complaint. (ECF No. 62.) Thereafter, Defendants filed motions to dismiss. (ECF Nos. 67–68, 70–72.)

On October 2, 2019, after hearing oral argument on the motions to dismiss, the Court granted in part Thompson and Revolinsky's motions, dismissing without prejudice Count III (retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1, *et seq.*) and Count IV (aiding and abetting in violation of the NJLAD) of the first

---

[2] The facts are well known to the parties. The Court, accordingly, includes background that is necessary to decide the present motions.

amended complaint as against them. (Oct. 2, 2019 Order, ECF No. 89.) The Court ordered that

any motions for leave to amend be filed by October 22, 2019. (*Id.*)

On November 4, 2019, Plaintiff filed a Motion for Leave to File a Second Amended

Complaint.[3] (ECF No. 93.) On November 6, 2019, Magistrate Judge Tonianne J.

Bongiovanni, ordered:

> Discovery related to Defendants Thompson, Revolinsky, and
> [FMCO], as to all proposed claims, is to be propounded by
> *December 6, 2019* and responses to them due on *January 6, 2020*.
> Discovery responses related to claims challenged by the Defendants
> in their response to the Motion to Amend is stayed pending either a
> decision on the Motion to Amend or further order of the Court.

(Nov. 6, 2019 Order, ECF No. 95.) Judge Bongiovanni set a telephone conference for January 14,

2020 and ordered the parties to submit a proposed agenda by January 13, 2020. (*Id.*) On November

19, 2019, Plaintiff appealed Judge Bongiovanni's November 6, 2019 order. (ECF No. 98.)

On January 13, 2020, the parties filed joint correspondence outlining agenda items for the

January 14 telephone conference. (ECF No. 104.) Having reviewed the parties' correspondence,

Judge Bongiovanni decided to postpone the telephone conference, "find[ing] it more efficient to

reconvene" after the Court decides the pending Motion to File a Second Amended Complaint.

(Jan. 15, 2020 Order 1, ECF No. 105.) Judge Bongiovanni stated that, once a decision on the

Motion is rendered, a schedule to complete discovery would be set. (*Id.* at 1–2.) The parties were

ordered to, nonetheless, "continue document/interrogatory discovery as it relates to Defendants

Thompson, Revolinsky and [FMCO]." (*Id.* at 2.) Plaintiff appealed Judge Bongiovanni's January

15, 2020 Order. (ECF No. 106.)

---

[3] On October 21, 2019, Plaintiff mistakenly filed an amended complaint. (ECF No. 92.)

## II.     LEGAL STANDARD

### A.     Motion to Amend

If a pleading has been amended once or if a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading may be denied if the court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In considering futility of amendment, the court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* The Court, accordingly, "accept[s] as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)). Notably, "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim . . . ; this does require, however, that the newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

**B.    Appeal of Magistrate Judge's Decision**

A district court will only reverse a magistrate judge's decision on a non-dispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This deferential standard is 'especially appropriate where the [m]agistrate [j]udge has managed [a] case from the outset and developed a thorough knowledge of the proceedings.'" *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citation omitted). Furthermore, "particularly broad deference [is] given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) (citation omitted).

The appealing party has the burden "to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

**III.    DISCUSSION**

**A.    Motion to Amend**

The Court previously dismissed without prejudice the aiding/abetting and retaliation claims against Thompson and Revolinsky (Oct. 2, 2019 Order), because Plaintiff failed to allege that Thompson and Revolinsky acted as Plaintiff's supervisor and "knowingly and substantially"

5

assisted in discriminating against Plaintiff. (Tr. 7:9–17, 8:13–22, ECF No. 111.) Plaintiff now moves to amend. Thompson and Revolinsky argue that the proposed amendment would be futile. (*See generally* Revolinsky Opp'n Br., ECF No. 96-2; Thompson Opp'n Br., ECF No. 97.)

To state a claim for aiding and abetting of discrimination under NJLAD, Plaintiff must allege that:

> (1) the party whom the defendant aids . . . perform[ed] a wrongful act that cause[d] an injury; (2) the defendant [was] generally aware of his role as part of an overall illegal or tortious activity at the time that he provide[d] the assistance; and (3) the defendant . . . knowingly and substantially assist[ed] the principal violation.

*Tarr v. Ciasulli*, 853 A.2d 921, 929 (N.J. 2004).

"Only supervisors may be held liable under an aiding and abetting standard as they have 'a duty to act against harassment.'" *Randall v. Rutgers, State Univ. of N.J.*, No. 13-07354, 2014 WL 6386814, at *5 (D.N.J. Nov. 14, 2014) (citations omitted). Although the NJLAD does not define "supervisor," courts have looked for guidance from Title VII cases. *Id.* (citations omitted). An employee is a "supervisor" if the employer empowers the employee "to take tangible employment actions against the victim, *i.e.*, to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Vance v. Ball State Univ.*, 570 U.S. 421, 431 (2013) (internal quotation marks and citation omitted).

The Proposed Second Amended Complaint alleges that Thompson, the County's Human Resources Department Employee Benefits Specialist for Workers' Compensation, "coordinated and administered Plaintiff's treatment for injuries sustained on the job" and "was responsible for deciding who would treat and evaluate Plaintiff." (SAC ¶¶ 10, 152, 156.) Although Thompson knew that one evaluator decided Plaintiff could return to full duty, Thompson did not return

Plaintiff to full duty: "In an e[-]mail [message] dated October 14, 2015, . . . Thompson stated that 'Per treating comp ortho, she's FD' but nevertheless *directed* [Plaintiff] not [to] . . . return[] to work [f]ull [d]uty but [to] remain on light duty." (*Id.* ¶¶ 217–18 (emphasis added).) Here, the Court finds that, by not returning Plaintiff to full duty work, Thompson had the ability "to effect a significant change in [Plaintiff's] employment status," such that she could be considered Plaintiff's supervisor. *Vance*, 570 U.S. at 431. These allegations also support Plaintiff's claim that Thompson "knowingly and substantially" assisted in the alleged discrimination. *Tarr*, 853 A.2d at 929.

As to Revolinsky, Plaintiff alleges that the Chief of Personnel & Labor Relations and Affirmative Action Officer presided over the December 1, 2015 hearing, which led to a January 19, 2016 Final Notice of Disciplinary Action against Plaintiff. (SAC ¶¶ 99, 181, 221, 225.) Despite two evaluators stating that Plaintiff "could perform the essential functions of the job as Sheriff's Officer, . . . Revolinsky recommended [P]laintiff be terminated from her employment." (*Id.* ¶ 178.) Although Revolinsky knew Plaintiff's October 26, 2015 evaluation stated that "[i]t is improbable that [Plaintiff's restrictions] will significantly affect job performance ability," Revolinsky wrote the following in his January 15, 2016 opinion: "Presuming for the moment that S/O Recruit Cristobal had been cleared by her personal healthcare provider, the County has not been notified of her clearance in writing." (*Id.* ¶¶ 175, 179.) Revolinsky knew Plaintiff's treating physician returned her to full duty but failed to return her to full duty. (*Id.* ¶ 184.) From these facts, it appears that Revolinsky had the ability "to effect a significant change in [Plaintiff's] employment status," *Vance*, 570 U.S. at 431, and that he "knowingly and substantially" assisted in the alleged discrimination, *Tarr*, 853 A.2d at 929.

Accepting as true the factual allegations in the Proposed Second Amended Complaint as well as the reasonable inferences that can be drawn from them, the Court finds that amendment of

the complaint would not be futile. The new allegations appear to be sufficiently well-grounded and amendment of the complaint "not a frivolous pursuit." *Harrison Beverage,* 133 F.R.D. at 469. To ensure that Plaintiff's claims are "decided on the merits rather than on technicalities," *Dole,* 921 F.2d at 487, the Court grants Plaintiff's Motion to File a Second Amended Complaint.

### B.      Appeals of Magistrate Judge's Orders

Plaintiff appeals from Judge Bongiovanni's November 6, 2019 and January 15, 2020 orders, which partially stayed discovery pending the Court's resolution of Plaintiff's Motion to Amend. Plaintiff argues that "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' to support a stay." (Pl.'s Appeal of Nov. 6, 2019 Bongiovanni Order Br. 7 (quoting *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 454 (D.N.J. 2007), ECF No. 98-1; *see also* Pl.'s Appeal of Jan. 15, 2020 Bongiovanni Order Br. 3, ECF No. 106-1.)

Here, the Court finds that Judge Bongiovanni's discovery orders are neither clearly erroneous nor contrary to law. As to the November 6, 2019 Order, Judge Bongiovanni did not stay discovery entirely. Rather, she stayed discovery on previously dismissed claims that are the subject of the present Motion for Leave to File a Second Amended Complaint. (*See* Nov. 6, 2019 Order 1.) Indeed, these dismissed claims were not in the case, and Plaintiff was not entitled to discovery on them. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense. . . ."). Furthermore, the parties were ordered to continue discovery on other claims that remained in the case. (Jan. 15, 2020 Order 2 ("[C]ontinue document/interrogatory discovery as it relates to Defendants Thompson, Revolinsky and [FMCO]").) The *Gerald Chamales* decision is, therefore, inapt to this situation.

As to the January 15, 2020 Order, Judge Bongiovanni first considered the parties' proposed agenda items before postponing the scheduled telephone conference. Upon review of the proposed

agenda, Judge Bongiovanni found it "more efficient to reconvene" after the Court decides the pending Motion to File a Second Amended Complaint. (Jan. 15, 2020 Order 1.) As with Judge Bongiovanni's November 6, 2019 Order, Plaintiff fails to demonstrate how this order was clearly erroneous or contrary to law. She repeats the same arguments and re-cites the same case law as her other Appeal—none of which demonstrate that an adjournment of the scheduled telephone conference was clearly erroneous or contrary to law. In conclusion, the Court is neither left with a "definite and firm conviction that a mistake has been committed," *Dome Petroleum*, 131 F.R.D. at 65, nor finds that Judge Bongiovanni has "misinterpreted or misapplied applicable law," *Doe*, 237 F.R.D. at 548. For these reasons, the Court denies Plaintiff's Appeals of Judge Bongiovanni's discovery orders.

IV.    **CONCLUSION**

For these reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. Plaintiff's Appeals of Magistrate Judge's Orders Dated November 6, 2019 and January 15, 2020 are denied. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE